**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC WELLINGTON,**

                                        **Plaintiff,**


                    **v.**                                        **9:12-CV-1019**
                                                                      **(FJS/DEP)**

**C.O. B. LANGENDORF and**
**NELSON,**

                                        **Defendants.**

_____

**APPEARANCES**                              **OF COUNSEL**

**ERIC WELLINGTON**
**09-A-0622**
Attica Correctional Facility
P.O. Box 149
Attica, New York 13118
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                    **ROGER W. KINSEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

In a Report, Recommendation, and Order dated June 12, 2013, Magistrate Judge Peebles

recommended that the Court take the following actions regarding Defendants' motion to dismiss:

(1) deny Defendants' motion as premature based on the ground that Plaintiff had failed to exhaust

his administrative remedies; (2) grant Defendants' motion with respect to Plaintiff's claims

against Defendant Langendorf for harassment and against Defendant Nelson for failing to

intervene and investigate, as well as making threats against Plaintiff; (3) deny Defendants' motion with respect to Plaintiff's claim against Defendant Langendorf for retaliation based upon issuance of a false misbehavior report; (4) grant Defendants' motion with respect to Plaintiff's claims against them in their official capacities with prejudice; (5) grant Defendants' motion with respect to Plaintiff's claims for compensatory damages and injunctive relief; and (6) grant Plaintiff leave to file an amended complaint within thirty days of any order adopting these recommendations to cure any of the defects identified in the Report, Recommendation and Order.

Defendants object to Magistrate Judge Peebles' recommendation that the Court grant Plaintiff an opportunity to amend his amended complaint. *See* Dkt. No. 26. Defendants contend that "[f]urther amendment would either require [P]laintiff to make specious allegations or include a different list of alleged defendants and would be manifestly unfair to [D]efendants." *See id.* at 1.

Having reviewed Plaintiff's amended complaint and Magistrate Judge Peebles' recommendations, the Court disagrees with Defendants' assessment of the effect of allowing Plaintiff to amend his amended complaint. Magistrate Judge Peebles recommended that this Court allow Plaintiff to file a second amended complaint "to address the deficiencies identified in [his] report." *See* Dkt. No. 24 at 38-39. Those deficiencies concerned Plaintiff's claims that Defendant Langendorf harassed him and that Defendant Nelson failed to investigate and protect him from Defendant Langendorf's harassment and threatened him. Magistrate Judge Peebles did not, despite Defendants' arguments to the contrary, recommend that the Court allow Plaintiff to file an amended complaint to add new defendants or to add new claims.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' June 12, 2013 Report, Recommendation, and Order is **ACCEPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** as premature to the extent it is based on the ground that Plaintiff failed to exhaust his administrative remedies; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** with respect to Plaintiff's claim against Defendant Langendorf for retaliation based upon issuance of a false misbehavior report; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** without prejudice with respect to Plaintiff's claims against Defendant Langendorf for harassment and against Defendant Nelson for failing to intervene and investigate, as well as making threats against Plaintiff; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** with prejudice with respect to Plaintiff's claims against them in their official capacities; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** with respect to Plaintiff's claims for compensatory damages and injunctive relief; and the Court further

**ORDERS** that Plaintiff may, if he wishes, file a second amended complaint **within thirty (30) days of the date of this Order** to correct the deficiencies that Magistrate Judge Peebles identified in his Report, Recommendation, and Order.  Any such second amended complaint that Plaintiff files may not include any defendants other than those he named in his amended complaint, i.e., Defendants Langendorf and Nelson.  Furthermore, any such second amended complaint that he files shall not include any claims other than those he included in his amended

complaint, i.e., claims that Defendant Langendorf harassed him and retaliated against him by filing a false misbehavior report and claims that Defendant Nelson failed to intervene and protect Plaintiff from Defendant Langendorf's conduct, failed to investigate Plaintiff's complaints concerning Defendant Langendorf's actions and threatened Plaintiff. Finally, in any such second amended complaint that he files, Plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts, and the individual(s) who committed each alleged wrongful action. Furthermore, Plaintiff should allege facts demonstrating the specific involvement of each of the named Defendants in the constitutional deprivations he alleges in sufficient detail to establish that they were tangibly connected to those deprivations. The Court advises Plaintiff that any such second amended complaint will replace the existing amended complaint and must be a wholly integrated and complete pleading that does not rely on or incorporate by reference any pleading or document that he has previously filed with the Court. Finally, the Court advises Plaintiff that, if he does **not** file a second amended complaint within thirty (30) days of the date of this Order, this action will proceed against Defendant Langendorf **only for retaliation**; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

-4-

**ORDERS** that this matter is referred back to Magistrate Judge Peebles for all further pretrial matters.

**IT IS SO ORDERED.**

Date:   July 15, 2013
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge